Mr. Justice Moore
delivered the opinion of the Court.
The plaintiff in error will be referred to as the applicant; the County Commissioners of Adams county as the commissioners; and Byron A. Anderson, as Secretary of State of Colorado, will be mentioned as the Secretary.
On or about December 11, 1962, applicant filed with the commissioners her application for a retail liquor store license. On January 14, 1963, a hearing on the application was held by the commissioners. On January 21, 1963, the commissioners approved the application and forwarded it as approved to the state licensing authority. Some time in the early part of February, 1963, the state licensing authority denied the applicant’s request, and advised the applicant in writing the reason for and the ground upon which the application was denied.
Shortly after receipt of the written notice of denial and on or about March 4, 1963, the applicant filed in the district court in and for the county of Adams, a Petition and Complaint in the nature of mandamus seeking to compel the state licensing authority to grant to applicant a retail liquor store license. The district court thereupon issued, ex parte, its Order for Citation requiring the state licensing authority to show cause why a liquor license should not be granted to applicant, and *578 further, to certify to the district court a transcript of the record and proceedings of the state licensing authority. Within apt time the state licensing authority answered the citation. He admitted the chronology and the facts of the application and also its denial. He denied, however, the alleged invalidity of his act of denying the application, and that he acted arbitrarily and capriciously. Also, at the time of the Answer, the state licensing authority submitted to and filed with the court a certified transcript of the record and proceedings up to the time of the filing of the petition by the applicant.
On March 25, 1963, the district court held a preliminary hearing upon the Order for Citation, and found, inter alia, “that the proceeding held by the Secretary of State was inadequate” and ordered the state licensing authority to “hold a formal hearing.” On April 9, 1963, Mr. Byron A. Anderson, as the state licensing authority, held a hearing pursuant to the order of the district court. At the conclusion of the hearing the application was again denied. The reason assigned by the Secretary for his refusal to issue the license was that there had been no compliance with the statutory requirements pertaining to notice of hearing upon an application for a liquor license.
It is the contention of the applicant that:
“A. The Secretary of State does not have statutory authority to inquire into the adequacy of posting, once the local licensing authority has made its determination of such question”; and that,
“B. even if such authority existed, the Secretary of State was arbitrary, capricious and abusive of his discretion in finding that the subject premises were not properly posted.”
The pertinent statutory provisions are as follows: C.R.S. 1963, 75-2-10.
“NOTICE OF HEARING ON APPLICATION. In addition to all other provisions for the regulation and *579 control of licensing the manufacture and sale of alcoholic liquors as provided by articles 1 and 2 of this chapter, it is hereby further provided that it shall he unlawful for the county authorities of any county or the officers of any municipality to issue or transfer location of any license to sell any malt, vinous, or spirituous liquors or fermented malt beverages in less than twenty days after application for such license has been made and until not less than ten days notice of the time and place of the hearing on such application has been made, either by posting a sign in a conspicuous place on the premises sought to be licensed or by publication of notice in a newspaper of general circulation published in the county in which said premises are located, as said licensing authority may require. The provisions of this section shall not apply to the renewal of licenses upon application for such renewal as provided by law. * * *” (Emphasis supplied.)
C.R.S. 1963, 75-2-8, relates to the duties of the Secretary and reads in part as follows:
“REFUSAL OF LICENSE - RECORDS. (1) The state licensing authority shall refuse a state license if the premises on which the applicant proposes to conduct its business do not meet the requirements of this article, or if the character of the applicant or its officers or directors is such that violations of this article would be likely to result if a license were granted, or if in its opinion licenses already granted for the particular locality are adequate for the reasonable needs of the community.”
The two sections of the statute must be read together in order to determine what the legislature intended. It is apparent that the legislature has seen fit to permit the applicant to give notice of hearing either by “posting a sign,” or by “publication of a notice in a newspaper” published in the county. In the instant case the notice was ordered to be given by “posting a sign in a conspicuous place on the premises.” In directing the *580 issuance of a county license the commissioners found that there had been compliance with this requirement over which they had exclusive control.
By the express provisions of C.R.S. 1963, 75-2-8 the Secretary is authorized and directed to refuse to grant a license for the failure of an applicant to meet statutory requirements in three particulars only, viz:
(1) That the premises for which the license is sought do not meet the requirements of the law; (2) that the character of applicant or its officers is such that violation of the liquor law would likely result; and (3) that existing outlets are adequate for the reasonable needs of the community. We hold that the question of whether there has been compliance with the requirement that notice of hearing be given upon the application for a county license is a matter which has been specifically and exclusively entrusted to the local licensing authority.
In the instant action, when the 'Secretary refused to issue the license on the ground that the posting of notice of hearing before the commissioners was inadequate, he was exercising a power which he did not possess. The determination of the commissioners on that issue was binding upon him. The action based on his inquiry and conduct in the matter is therefore a nullity.
The judgment is reversed.
Mr. Justice Sciiauer not participating.
Mr. Justice McWilliams dissents.